UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XEROX CORPORATION,<br><br>               Plaintiff,<br><br>v.<br><br>IMPRINT IMAGES, INC. and DOES 1-10,<br><br>               Defendants. | Case No. 5:13-cv-03858-PSG<br><br>**ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED**<br><br>**(Re: Docket No. 14)** |

Before the court is Plaintiff Xerox Corporation's motion for default judgment.[1] Imprint Images, Inc. has not opposed Xerox's motion. Neither party appeared for the scheduled hearing on this motion. Because Imprint has not consented, this court lacks jurisdiction.[2] The court therefore ORDERS the case be reassigned to a district judge and recommends Plaintiff's motion for default judgment be granted.

---

[1] *See* Docket No. 14.

[2] The undersigned is ordering reassignment to a district judge and issuing a report and recommendation because, absent consent of all parties, a magistrate judge does not have authority to make case-dispositive rulings. *See* 28 U.S.C. § 636 (authorizing magistrate judges to submit "findings of fact and recommendations" to the district judge); *Tripati v. Rison*, 847 F.2d 548, 548-49 (9th Cir. 1988) (noting "a magistrate can prepare a report and recommendation which, after allowing opportunity for objections, a district judge can review" and adopt).

# I. LEGAL STANDARDS

After entry of default, district courts are authorized to grant default judgment, so long as the judgment does not "differ in kind from, or exceed in amount, what is demanded in the pleadings."[3] Entry of default judgment is discretionary.[4]  To determine whether default is warranted, the court balances the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."[5]

# II. DISCUSSION

A.   **The *Eitel* Factors**

   1.   **Potential Prejudice to Xerox**

The first *Eitel* factor considers potential prejudice to Xerox.  If the court does not grant Xerox's motion for default judgment, it has no alternative recourse.  This factor favors Xerox.

   2.   **Xerox's Claim Is Meritorious**

Second, the court looks to the merits of Xerox's complaint.  "In considering the sufficiency of the complaint and the merits of the plaintiff's substantive claims, facts alleged in the complaint not relating to damages are deemed to be true upon default."[6]

---

[3] Fed. R. Civ. P. 54(c); *see also* Fed. R. Civ. P. 55 (authorizing the court to enter default judgment).

[4] *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("The district court's decision whether to enter a default judgment is a discretionary one." (citing *Duling v. Markun*, 231 F.2d 833 (7th Cir. 1956); *Georgia Power Project v. Georgia Power Co.*, 409 F. Supp. 332, 336-37 (N.D. Ga. 1975); *Ciccarello v. Joseph Schlitz Brewing Co.*, 1 F.R.D. 491, 493-94 (S.D. W.Va. 1940))).

[5] *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

[6] *Bd. of Trustees of Sheet Metal Workers v. Moak*, Case No. 4:11-cv-04620-CW, 2012 WL 5379565, at *2 (N.D. Cal. Oct. 31, 2012) (citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(d)).

Xerox's complaint claims: breach of the April 27, 2007 lease agreement,[7] breach of the April 16, 2009 lease agreement,[8] and the related common counts.  Xerox alleges Imprint defaulted under the terms of two lease agreements by not remaining current on payments.[9]  Xerox demanded payment to which it was entitled and that balance is now due, unpaid, and undisputed.[10]  Drawing the facts from the complaint as true, Xerox's complaint states valid claims for satisfaction of outstanding debts.

### 3. Xerox's Complaint Is Sufficient and Well-Supported

Third, the court must consider the sufficiency of Xerox's complaint.  Xerox's complaint is supplemented by the lease agreements and unpaid invoices.  Janet Atkinson's declaration also supports its calculations.  Xerox thus sets forth sufficient facts and evidence supporting each of its allegations.

### 4. The Amount Of Money At Stake Is Reasonable

Fourth, the court considers the amount of money at stake in this case.  "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's actions."[11]  "The Court considers Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable."[12]  Xerox seeks a judgment of $135,225.18: (1) $88,935.76 in damages, (2) $40,609.17 in prejudgment interest, (3) $5,157.43 in

---

[7] *See* Docket No. 1, Exhibit 1.

[8] *See* Docket No. 1, Exhibit 2.

[9] *See* Docket No. 1 at 2.

[10] *Id.*

[11] *Truong Giang Corp. v. Twinstar Tea Corp.*, Case No. 3:06-cv-03594-JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).

[12] *Id.*

3
Case No. 5:13-cv-03858-PSG
ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED

attorney's fees, and (4) $552.82 in litigation costs.[13]  These amounts are reasonable and supported by the record.

### 5.     There Is No Indication Material Facts Are in Dispute

Fifth, the court must consider the possibility of disputed material facts.  Following entry of default, the court "takes all well-pleaded facts, except those pertaining to damages, as true."[14]  Xerox has also supported its claims with clear record evidence.[15]  The weight of evidence supports the unpaid balance sought.

### 6.     Imprint's Default Is Not the Result of Excusable Neglect

Sixth, the court must consider whether Imprint's failure to appear was due to excusable neglect.  Here, Imprint was served, but has not responded with an answer to Xerox's Rule 12 motion.[16]  Imprint also has not notified the court or tendered any excuse for its continued absence from this case.  No circumstances suggest Imprint's failure to appear was due to excusable neglect.

### 7.     Public Policy Favors Default Judgment in this Case

Seventh, the court must consider whether default judgment comports with the legal principles undergirding the Federal Rules.  Because the public has an interest in the efficient resolution of contract disputes, public policy supports default judgment in this case.  Although the Rules generally favor decisions on the merits, such a decision is not possible because Imprint has not appeared in this case.  Xerox has no alternative recourse.[17]

---

[13] *See* Docket No. 14 at 4.

[14] *Truong*, 2007 WL 1545173 at *12.

[15] *See* Docket No. 14, Exhibits 1 – 11j

[16] *See* Docket No. 5, Proof of Service of Summons.

[17] *See PepsiCo, Inc.*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

**B.     Xerox's Damages Were Foreseeable and Calculable and Reasonable – No Hearing is Necessary**

Although "factual allegations relating to liability are taken as true upon entry of default, allegations as to amount of damages are not automatically accepted."[18] "In the Ninth Circuit, it is established that 'a default judgment for money may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation.'"[19] When the damages claimed are not readily ascertainable from the pleadings and the record, the court may hold a hearing to value damages.[20]

In this case, the damages are readily determined from the lease agreements. The principal due includes all unpaid lease payments, less the fair market value of the recovered equipment.[21] Pursuant to the parties' contract, Xerox may recover eighteen percent interest on these past due payments.[22] Xerox also seeks costs and attorney fees.[23] Although the Northern District's Local Rules do not address attorney fee awards in the context of a motion for default judgment, Xerox

---

[18] *Truong*, 2007 WL 1545173, at *13 (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)).

[19] *Id.* (*quoting Davis v. Fendler*, 650 F. 2d 1154, 1161 (9th Cir. 1981)).

[20] *See* Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to" determine the amount of damages.)

[21] *See* Docket No. 14 at 12. The total amount of unpaid invoices is $94,238.31. $9,372 is the fair market value of the equipment Xerox recovered from Imprint, reducing the principal balance to $84,866.31.

[22] *See* Docket No. 14, Exhibit 1. The total interest is $40,609.17. *See* Docket No. 14 at 4. An interest rate of 18% on late payments is reasonable. *See Southwest Concrete Products v. Gosh Construction Corp.*, 51 Cal. 3d 701, 709 (1990) (finding the late charge provided in the contract was not subject to the usury law in Art. XV § 1 of the California Constitution because it did not constitute payment for the "loan or forbearance of any money" and it is exempt from the usury law under the principle that "a debtor by voluntary act cannot render an otherwise valid contract usurious"); *O'Connor v. Televideo Sys., Inc.*, 218 Cal. App. 3d 709, 719 (1990) (concluding that "the terms of the invoice calling for a 1 ½ charge per month or 18 percent charge per annum for late payment constituted a valid" liquidated damage provision).

[23] According to the lease agreement, Imprint must pay reasonable costs and attorney fees. *See* Docket No. 14, Exhibit 1.

5
Case No. 5:13-cv-03858-PSG
ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED

urges the court to follow the Central District's Local Rules.  Those rules provide a schedule of reasonable fees based upon the judgment awarded: when judgment falls between $50,000.01 and $100,000, the prevailing party may recover $3600 plus 4% of any amount over $50,000.[24]  On balance, Xerox's claim for $5,157.43 is not unreasonable and unwarranted given the opposing party's absence.[25]  The court also finds Xerox's costs of $455.27 reasonable and warranted.[26]

In sum, the court reports Xerox should recover damages of $131,088.18.  Judgment in this amount is recommended.

**IT IS SO ORDERED.**

Dated: March 6, 2014

                                                             PAUL S. GREWAL
                                                             United States Magistrate Judge

---

[24] *See* C.D. Cal. L.R. 55-3.

[25] *See id.* at 4.

[26] *See id.*

6
Case No. 5:13-cv-03858-PSG
ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED